IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATERINE WHATTOFF-HALL,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No. 3:19-cv-02267-CAB-MSB<br><br>**ORDER GRANTING JOINT MOTION TO STAY CASE**<br><br>[Doc. No. 19] |

Plaintiff and Defendant, through their respective counsel, stipulate and respectfully request a stay of all proceedings in this case pending a global mediation of fifty-four (54) related pending matters and the decision of the Supreme Court of the United States in *Facebook, Inc. v. Duguid*, No. 19-511 (July 9, 2020). Accordingly, the parties STIPULATE and AGREE as follows:

1. Plaintiff alleges Portfolio Recovery Associates, LLC ("PRA") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act" or "RFDCPA").

2. Plaintiff's counsel represents a total of fifty-four (54) individual consumers in active matters making similar allegations against PRA. These fifty-

four (54) related cases are currently pending in Judicial Arbitration Mediation Services ("JAMS"), American Arbitration Association ("AAA"), and the United States District Court for the Southern District of California.

3. In the TCPA portion of all of these cases, the plaintiff alleges PRA used an automatic telephone dialing system ("ATDS") to place telephone calls to a cellular telephone without prior express consent.

4. In its Answer to the Complaint, PRA asserted that "the telephone system used to allegedly contact Plaintiff does not constitute an automatic telephone dialing system ('ATDS') under the TCPA."

5. On July 9, 2020, the Supreme Court of the United States granted certiorari in *Facebook, Inc. v. Duguid*, No. 19-511. The central issue the Supreme Court will review and consider in *Facebook* is the definition of an ATDS under the TCPA. Specifically, "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" *See* Petition for Writ of Certiorari at ii, *Facebook, Inc.*, No. 19-511 (U.S. Oct. 17, 2019). The case will be argued before the Supreme Court during the October 2020 Term.

6. As evidenced by the parties' pleadings, the definition of an automatic telephone dialing system under the TCPA is a central, and disputed, issue in the present action.

7. The parties agree that a stay of all proceedings in this matter is appropriate until the Supreme Court issues a decision in *Facebook* regarding the definition of an automatic telephone dialing system under the TCPA.

8. Additionally, Plaintiff's counsel and PRA have agreed in the interim to participate in mediation of the approximate fifty-four (54) related pending matters. Any settlement agreement would resolve all pending claims.

9. The proposed stay is in the furtherance of judicial economy and will avoid unnecessary expense for the parties and this forum.

10. The proposed stay is for good cause and is not made for an improper purpose. No party will suffer any prejudice as a result of the stay.

Based on the above stipulation and agreement of the parties, it is hereby **ORDERED** that the parties' joint motion to stay this case is **GRANTED**. It is further **ORDERED** as follows:

1. All proceedings in this action are stayed pending the decision of the Supreme Court of the United States in *Facebook, Inc. v. Duguid*, No. 19-511 (July 9, 2020).

2. The parties shall provide the Court with a Stipulation and Proposed Order regarding remaining case management deadlines within fourteen (14) days of the Supreme Court's decision in *Facebook*.

3. The stay may be lifted at any time by order of the Court.

4. Should the parties reach a settlement agreement, the parties will promptly file a joint motion to dismiss.

5. The Clerk of Court shall administratively **CLOSE** this case until the stay is lifted.

It is **SO ORDERED**.

Dated: July 23, 2020

Hon. Cathy Ann Bencivengo
United States District Judge